UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERT WILSON,<br>        *Plaintiff,*<br><br>vs.<br><br>DOLGENCORP OF TEXAS, INC. D/B/A<br>DOLLAR GENERAL, DOLLAR<br>GENERAL LLC D/B/A DOLLAR<br>GENERAL AND DG ECOMMERCE,<br>LLC D/B/A DOLLAR GENERAL<br>        *Defendants.* | §<br>§<br>§<br>§      CASE NO. **3:23-cv-00344**<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL AND DG ECOMMERCE, LLC'S NOTICE OF REMOVAL**

Defendants Dolgencorp of Texas, Inc. d/b/a Dollar General and DG Ecommerce, LLC., hereby remove this lawsuit pending in the 171st Judicial District Court, El Paso County, Texas to the United States District Court, Western District, El Paso Division on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

**BACKGROUND**

1.  On July 28, 2023, Plaintiff filed his Original Petition in the 171st District Court of El Paso County, Texas, Cause Number 2023DCV2457, styled *Robert Wilson v. Dolgencorp of Texas, INC. d/b/a Dollar General, Dollar General, LLC. d/b/a Dollar General, and DG Ecommerce, LLC d/b/a Dollar General*. *See* **Exhibit A** (Plaintiff's Original Petition).

2.  Plaintiff served Defendant DG Ecommerce, LLC. with Plaintiff's Original Petition and process on August 12, 2023. *See* **Exhibit B** (Citation).

3.  Plaintiff served Defendant Dolgencorp of Texas, Inc. with Plaintiff's Original Petition and process on August 14, 2023. *See* **Exhibit C** (Citation).

4. In his petition, Plaintiff affirmatively pleads monetary relief "in excess of $250,000.00 but not to exceed $1,000,000.00." See **Exhibit A**, p. 5.

5. Plaintiff asserts causes of action for premises liability and negligence, alleging that Defendants failed to use ordinary care by various actions and omissions. *Id.*, pp. 4-5.

6. However, Plaintiff fails to allege specific allegations and facts to establish a cause of action against Defendant Dollar General, LLC.

## GROUNDS FOR REMOVAL

7. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A.   The properly joined parties are diverse.**

8. Under the diversity jurisdiction statute, 28 U.S.C. § 1332, the parties must be completely diverse, which requires all persons on one side of the controversy to be citizens of different states than all the persons on the other side. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). However, the improper/fraudulent joinder doctrine holds that "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." See *Salazar v. Allstate Texas Lloyds's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006) (citing *Smallwood v. Illinois Cent. RR*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005)). A lack of complete diversity caused by joinder of an improper party will not prevent removal and cannot serve as the basis for remand of an action to state court. See *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (citing *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)). Under the improper joinder doctrine, a Court may dismiss a non-diverse defendant

{00898656}

against whom a tenable claim is asserted on the face of the pleadings filed in the state-court action by determining whether a claim against the non-diverse defendant will possibly permit recovery by the plaintiff. Therefore, a party's citizenship is irrelevant if it has been improperly joined. *See Smallwood v. Illinois Cent R.R. Co.,* 385 F.3d 568, 575 (5th Cir. 2003).

9. Plaintiff Robert Wilson is a natural person who is a citizen of the State of Texas. *See* **Exhibit A.**

10. Defendant Dolgencorp of Texas, Inc. is a corporation formed under the laws of the State of Kentucky and its principal place of business is located in Davidson County, Tennessee. Accordingly, Dolgencorp of Texas, Inc. is considered a citizen of the State of Kentucky and the State of Tennessee. Defendant Dolgencorp of Texas, Inc. is the lessee of the property where the incident occurred.

11. Defendant DG Ecommerce, LLC., is a limited liability company under the laws of the State of Tennessee. It is a single member limited liability company whose only member is considered a citizen of Tennessee.  Accordingly, DG Ecommerce, LLC., is considered a citizen of the State of Tennessee.

12. Defendant Dollar General, LLC., is alleged to be a Texas limited liability company. This company's citizenship is irrelevant, however, because it was improperly joined in this action and there is no reasonable basis for recovery against Dollar General, LLC. *See Id*. Further, as of the date of this removal, Defendant Dollar General, LLC., has not been served. *See* **Exhibit D** (state court docket sheet). Plaintiff failed to allege any facts or specific allegations to support a cause of action against Dollar General, LLC.

13. Thus, the only proper defendants in this suit are Defendant Dolgencorp of Texas, Inc. and Defendant DG Ecommerce, LLC. Accordingly, the properly joined parties to this action are completely diverse.

**B. The amount in controversy exceeds the threshold amount of $75,000.00.**

14. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

15. Plaintiff has plead he is seeking monetary relief of over $250,000.00 but not to exceed $1,000,000.00. *See* **Exhibit A**. Thus, it is facially apparent that the amount in controversy exceeds $75,000.00.

## OTHER REMOVAL MATTER

16. This notice of removal is timely filed within 30 days of service of process of the state court petition on Defendant Dolgencorp of Texas, Inc. *See* 28 U.S.C. § 1446(b)(1).

17. Although removal to this Court is proper under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces El Paso, Texas, the place where the State Court suit was filed, the venue is not proper. Defendants will be filing a Motion to Transfer Venue with this Court following this removal.

18. Defendant Dollar General, LLC's consent to removal is not required because they have been improperly joined in this action. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815

(5th Cir. 1993) (per curiam). Further, Defendant Dollar General, LLC has not been served with this action.

19. All pleadings, process, and orders served upon Defendants in the state court action are attached to this notice. 28 U.S.C. §1446(a). Defendants have also attached a copy of the state court docket sheet. *See* **Exhibit D**.

20. Defendants will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of El Paso County. 28 U.S.C. §1446(d).

## PRAYER FOR RELIEF

21. Defendants Dolgencorp of Texas, Inc. and DG Ecommerce pray that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendants any such other and further relief to which it may show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

*/s/ Sara R. Ramon*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Sara R. Ramon**
State Bar No. 24125936
sramon@valdeztrevino.com
*Counsel for Defendant*

{00898656}

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 13th day of September, 2023, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via electronic service:

Frederick Mandell
LAW OFFICE OF FREDERICK MANDELL
609 Laurel
El Paso, Texas 79903
(915) 351-7959
Fmandell3@gmail.com
*Counsel for Plaintiff*

                                              */s/ Sara R. Ramon*
                                              **Sara R. Ramon**

{00898656}